IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GLEN COLLINS                                                                                                  PLAINTIFFS
TAUNA COLLINS
*Individually and as Guardians of*
J.C., A Minor Child

v.                                              Cause  No. 6:09-cv-06090

BENTLEY INDUSTRIES, LLC,                                                                       DEFENDANTS
BENTLEY MARINE GROUP, LLC,
COOSAW CAPITAL PARTNERS, LLC,
LARRY D. BREHM, and
STEVE DEESE

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

On December 16, 2009, Defendants Bentley Industries, LLC and Bentley Marine Group, LLC ("Bentley") filed a Motion to Dismiss and Motion to Quash.  (Doc. No. 13).  These motions were referred to this Court on February 9, 2010.  (Doc. No. 27).  With these motions, Bentley seeks to dismiss this case pursuant to FED. R. CIV. P. 12(b)(4) and (5) because it alleges Plaintiff improperly served Larry Brehm.  (Doc. No. 13).  Bentley claims that Mr. Brehm is "not the agent of service" for Bentley and that, as a result, by serving Mr. Brehm, Plaintiff has not properly served Bentley.  *See id.*

In response, Plaintiff submitted documentation from the Secretary of State of South Carolina noting that Bentley's registered agent is Larry Brehm.  (Doc. No. 18, Ex. D-E).  Bentley has submitted no evidence contradicting Plaintiff's assertion that Mr. Brehm is its registered agent for service of process.  Accordingly, because it appears Mr. Brehm was the proper agent for service of process, Bentley has not specifically indicated how Plaintiff's service was insufficient.  *See Photolab Corp. v. Simlex Specialty Co.,* 806 F.2d 807, 810 (8th Cir. 1986) (stating that objections under FED. R. CIV. P. 12(b)(4) and (5) "must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized").

Because Bentley has not specifically indicated how Plaintiff's service was insufficient, Bentley's Motion to Dismiss and Motion to Quash should be **DENIED.** Pursuant to FED. R. CIV. P. 12(a), Bentley should be given twenty-one (21) days to file its answer.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 16th day of February, 2010.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE